UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL C. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-00049-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| KAREN CARRINGTON, DIRECTOR, | ) | |
| UNITED STATES FOREST SERVICE U.S. | ) | |
| OFFICE OF GENERAL COUNSEL et al., | ) | |
| | ) | |
| Defendants | | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the objections of Plaintiff Michael Sullivan ("Sullivan") [Doc. 7] to the Report and Recommendation of the United States Magistrate Judge [Doc. 6] and Sullivan's Motion for Substitution [Doc. 8], seeking to substitute United States Magistrate Judge Cynthia R. Wyrick. Sullivan filed this cause of action along with an *in forma pauperis* (IFP) application [Docs. 1, 2]. The magistrate judge screened his complaint and application for IFP and approved his IFP status. In screening the case, the magistrate judge reviewed Sullivan's complaint and has recommended it be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2). For the foregoing reasons, this Court agrees with the Report and Recommendation filed by Magistrate Judge Wyrick and hereby adopts the same as the judgment of the Court. Further, the Court finds Sullivan's Motion for Substitution is without merit and is denied.

**I.     BACKGROUND**

On June 24, 2012, Sullivan County Deputy Sheriff Jeremiah Lane ("Deputy Lane") was called out to the Cherokee National Forest, where officers with the United States Forestry Service ("USFS") were detaining Sullivan for not wearing a seatbelt. After a canine alerted on Sullivan's

1

vehicle, officers searched his car and discovered several white substances, which field-tests indicated were controlled substances. When Deputy Lane arrived, he also field-tested the substances, and after the results indicated controlled substances, he arrested Sullivan. Ultimately, the Tennessee Bureau of Investigation's lab tested the substances and determined they were not controlled substances.

On June 21, 2013, Sullivan filed his first federal lawsuit stemming from this arrest. He sued Wayne Anderson, the Sheriff of Sullivan County, Tennessee, individually and in his official capacity; two sheriff deputies, Jeremiah Lane and Jeff Dotson, individually and in their official capacities; Sullivan County Mayor Steve Godsey, individually and in his official capacity; and Sullivan County, Tennessee. *See Sullivan v. Anderson, et al.*, No. 2:13-CV-173 (E.D. Tenn. June 29, 2015). Sullivan's first count was a § 1983 action against Deputy Lane, alleging Lane had wrongfully arrested him for drug offenses on the false-positive drug results obtained from using an out-of-date drug field-test kit. The court dismissed the § 1983 claim as to Anderson, Dotson, and Godsey for failure to state a claim. It also dismissed this claim as to Deputy Lane, finding that "Lane had ample probable cause to arrest the plaintiff at the time of the arrest." *Sullivan v. Anderson, et al.*, No. 2:13-CV-173 [Doc. 50, pg. 12]. Count Two alleged Sullivan County had failed to properly train and supervise its law enforcement personnel, also in violation of § 1983. The district court found Sullivan "had failed to produce sufficient evidence that the officers' training programs were inadequate" and dismissed Sullivan County from the suit [*Id.* at pg. 13]. The district court then dismissed all of Sullivan's state-law claims without prejudice, declining to exercise supplemental jurisdiction over them [*Id.* at pg. 14]. On July 27, 2015, Sullivan, representing himself, entered a "Stipulation of Dismissal with Prejudice," stating that "all matters in controversy in this cause of action have been fully compromised and settled by and through

2

agreement of the parties and that this matter should be dismissed with prejudice." *Sullivan v. Anderson, et al.*, No. 2:13-CV-173 [Doc. 53].

Also, on June 21, 2013, Sullivan filed another federal lawsuit against, among others, Safariland, LLC, the manufacturer of field-testing kits marketed under the "NIK Public Safety" name. *See Sullivan v. Safariland, LLC, et al.*, No. 2:13-CV-174 (E.D. Tenn. May 8, 2015). On May 8, 2015, the parties entered a Stipulation of Dismissal, dismissing Sullivan's claims "with full prejudice against refiling." *Sullivan v. Safariland, LLC, et al.*, No. 2:13-CV-174 [Doc. 49].

On August 22, 2016, Sullivan filed his third federal lawsuit—a 56-page complaint—stemming from his July 2012 arrest. In this case, he turned his attention to the United States Forestry Service, ("USFS"), suing the USFS and ten of its agents. *See Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 (E.D. Tenn. Mar. 19, 2018), *vacated in part*, No. 18-5558 (6th Cir. Jan. 3, 2019). The district court found that any *Bivens* claims,[1] if they did exist, were barred by the one-year statute of limitations. *Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 [Doc. 32, pg. 10]. Any cause of action would have arisen on June 24, 2012, and the suit against the federal agents was not filed until August 22, 2016. The district court also found collateral estoppel applied because it had previously determined on the merits that the law enforcement officers had probable cause to arrest Sullivan. [*Id.* at pg. 13]. Sullivan appealed the dismissal to the Sixth Circuit.

The Sixth Circuit vacated the portion of the district court's decision regarding the claims against the individual defendants and remanded the action:

---

[1] "A *Bivens* claim, named after a landmark 1971 Supreme Court decision that established it, is a claim for money for injuries sustained as a result of a federal agent's violation of the constitution while acting under his federal authority." *Dolan v. United States*, 514 F.3d 587, 594 n.2 (6th Cir. 2008).

3

> [B]ecause Sullivan did not properly serve the individual defendants in their individual capacities, the district court lacked jurisdiction to consider the merits of the claims against them and should have dismissed the defendants without prejudice. *See* Fed. R. Civ. P. 4(m); *King* [*v. Taylor*, 694 F.3d 650], 655 [(6th Cir. 2012)]. Accordingly, we may not consider whether the *Bivens* claims were barred by the statute of limitations, whether the individual defendants were entitled to qualified immunity, and whether claims relating to the search and seizure were barred by the doctrine of collateral estoppel. Additionally, we conclude that the *Bivens* claims may not proceed against the Forest Service because a plaintiff may not bring a *Bivens* action against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

*Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 [Doc. 41, pg. 4]. Concerning Sullivan's Freedom of Information Act (FOIA) claim, the Sixth Circuit, in affirming the district court's dismissal of the claim, found that "[t]he FOIA claim against the Forest Service was subject to dismissal because FOIA does not authorize an action for damages, and Sullivan sought only monetary relief" [*Id.* at pg. 6]. The only claims that survived the Sixth Circuit's ruling were Sullivan's claims against the individual defendants.

On April 1, 2019, Sullivan filed the present action; this time, his complaint consists of 65 pages, and, in addition to naming the USFS agents he sued previously, he has added Karen Carrington, the Director of the USFS, and Christopher Boehm, its Deputy Director. He again recites the same factual allegations concerning his 2012 arrest. For his first cause of action, he claims violations of "the First, Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments to the U.S. Constitution. *Bivens*, 403 U.S. 388; *Westfall*,[2] 484 U.S. 292; [Racketeer Influenced and Corrupt Organizations Act (RICO)], 18 U.S.C. §§ 1962, 1964; [Federal Tort Claims Act (FTCA)],

---

[2] In *Westfall v. Erwin*, 484 U.S. 292 (1988), the Supreme Court recognized the viability of state-law tort claims against federal officials. In response to that decision, however, Congress passed the Westfall Act, 28 U.S.C. § 2679, which makes the Federal Tort Claims Act (FTCA) "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hernandez v. Mesa*, 140 S. Ct. 735, 748 (2020) (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010)).

4

28 U.S.C. § 1346" [Doc. 2, pg. 56] (punctuation added).  Count Two deals with "Failure to train, supervise and reform.  *Bivens*, 403 U.S. 388; *Westfall*, 484 U.S. 292; RICO, 18 U.S.C. § 1964; FTCA, 28 U.S.C. § 1346" [*Id.* at pg. 57] (punctuation added).  Count Three deals with "Pendant State claims, 42 U.S.C. §§ 1983, 1986, 1988" [*Id.*].  All his claims relate to the July 2012 arrest.

## II. STANDARD OF REVIEW

As an initial matter, Sullivan's case is in a different procedural posture than his immediately preceding case against the USFS filed in 2016.  *See Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273.  In that case, the court denied Sullivan's IFP application [Doc. 6], and he paid the filing fee.  He then failed to properly serve the individual defendants in their individual capacities.  When the district court dismissed the case, the Sixth Circuit vacated in part and remanded, finding the court lacked jurisdiction to address the merits of the defendants' motion to dismiss for failure to state a claim as it pertained to the individual defendants. *Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 [Doc. 41, pg. 6].

The present case is in a different procedural posture.  Here, Sullivan has again claimed indigency and filed an IFP application [Doc. 1], and the magistrate judge granted the IFP application [Doc. 6, pg. 2].  Because Sullivan is indigent, 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of his complaint and to dismiss it if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  A *pro se* pleading must be liberally construed

5

and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. MAGISTRATE JUDGE'S RECOMMENDATION

Consistent with the requirements of § 1915(e)(2), the magistrate judge screened Sullivan's complaint. She noted that notwithstanding the fact that Sullivan referenced "several cases, constitutional amendments, and statutes," he failed to "[plead] any specific facts to show that the Defendants violated his constitutional rights as to any issue which has not already been disposed of by the Court in a manner unfavorable to him" [Doc. 6, pg. 4-5]. She then interpreted Sullivan's complaint to include a cause of action under the Federal Torts Claim Act, 28 U.S.C. § 1346(b). She found this cause of action unviable for two reasons. First, she noted that for Sullivan's state-law claims of false arrest, false imprisonment, or illegal arrest to have any merit, the officers must have lacked probable cause for arresting him. Because the district court previously found probable cause supported Sullivan's arrest, no "underlying state tort" had been committed [*Id.* at pg. 5]. Second, she found this claim was barred by the doctrine of *res judicata* [*Id.*].

The magistrate judge also analyzed Sullivan's *Bivens* claim and found he failed to allege facts that would entitle him to relief [*Id.* at pg. 5]. She also noted Sullivan filed his claim outside the one-year statute of limitations [*Id.* at pg. 5-6]. His arrest took place on June 24, 2012, but he did not file his *Bivens* claim against the USFS officers until August 22, 2016 [*Id.* at pg. 6]. Next, the magistrate judge analyzed Sullivan's *Westfall* claim and found Sullivan failed to allege any facts beyond vague conclusions [*Id.* at pg. 6-7]. Further, she found the USFS officers are entitled to qualified immunity [*Id.*].

The magistrate judge then examined Sullivan's FOIA claim against Elizabeth Marchak. She explained the claim pertains to a video Sullivan requested and noted Sullivan curiously left

6

out of his complaint the fact that he has already received the video. Nevertheless, she found the claim is barred by the doctrine of *res judicata* because the Sixth Circuit affirmed the district court's dismissal of the claim [Doc. 6, pg. 7-8]. The Sixth Circuit explained that "FOIA does not authorize an action for damages, and Sullivan sought only monetary relief." *Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 [Doc. 41, pg. 6]. Once again, Sullivan only sought monetary relief.

The magistrate judge then addressed Sullivan's RICO claim, in which he claimed the USFS agents violated 18 U.S.C. §§ 1962 and 1964. She could find no allegations in Sullivan's complaint "to support the allegation of racketeering or the collection of any unlawful debt [or] a conspiracy to do so" [Doc. 6, pg. 8]. She found no cause of action under § 1962 and accordingly found Sullivan is not entitled to any remedies under § 1964. She next addressed Sullivan's negligence claim, in which Sullivan stated that "the direct causation actions of defendants where [sic] done in reckless negligence of training and duty . . ." [*Id.*]. She found this claim is without merit because Sullivan did not allege negligence in his administrative claim, and the claim is otherwise time-barred [*Id.* at pg. 9]. Therefore, the magistrate judge recommended the complaint be dismissed with prejudice.

## IV. ANALYSIS

### A. Sullivan's Objections to the Magistrate Judge's Report and Recommendation

Sullivan has objected to the magistrate judge's recommendation with a 21-page response [Doc. 7]. Sullivan spends a great deal of his objection simply restating his complaint rather than directly responding to the magistrate judge's analysis. Sullivan begins by noting the timing of the magistrate judge's recommendation to dismiss prior to serving the complaint on the Defendants. What Sullivan is missing here is that he paid the filing fee in his last case, but he claimed indigency in this one. Therefore, the Court had the obligation under § 1915(e) to screen the case, allowing

7

it to reach the merits of the case. In Sullivan's prior suit, service had to be accomplished first. Next, Sullivan appears to object to the magistrate judge's conclusion about his adding Karen Carrington as a defendant for the first time in this suit. Sullivan claims Director Carrington and Deputy Director Boehm should have "[remedied] them for public safety and personal wellbeing" [*Id.* at pg. 3]. The Court finds Sullivan's position in this regard is not an objection.

Sullivan also apparently objects to the magistrate judge applying *res judicata* to bar his claims because, he contends, the district court dismissed the state claims "without prejudice" and he entered into a "Stipulated Agreement" with the state officers involved in his favor [*Id.* at pg. 5]. Contrary to Sullivan's arguments, the district court reached the merits of Sullivan's claims against Deputy Lane. In dismissing those claims, it found that "Lane had ample probable cause to arrest the plaintiff at the time of the arrest." *Sullivan v. Anderson, et al.*, No. 2:13-CV-173 [Doc. 50, pg. 12]. To be sure, the district court declined to exercise supplemental jurisdiction over the state-law claims against the state officers, but it reached the probable cause issue in dismissing Sullivan's FTCA claims.

Sullivan next argues that his June 24, 2012 detention and arrest were in violation of the *Aguilar-Spinelli* test, arguing that because the grand jury returned a no true bill, there was *ipso facto* no probable cause. In addition to the fact that the Supreme Court has abandoned the *Aguilar-Spinelli* test, *Illinois v. Gates*, 462 U.S. 213, 238 (1983), Sullivan misses the point here. He was stopped for not wearing a seatbelt, and then the canine alerted on his car. Federal officers searched his car and discovered what field-tested positive for narcotics. These are the facts the district court recited in finding probable cause. That the substances were ultimately not narcotics does not change the analysis. Sullivan claims the Sixth Circuit reversed the district court for reaching the merits of the case, so *res judicata* cannot apply. However, Sullivan does not address the district

8

court's finding in ruling on Deputy Lane's motion for summary judgment in his previous lawsuit that probable cause supported his arrest. In any event, this claim is without merit because state officers were the ones who arrested him, not the USFS officers named in the present case.

Sullivan next objects to the magistrate judge recommending that his FTCA claim be dismissed, stating the Sixth Circuit dismissed his FTCA claim without prejudice because he had not served the defendants [Doc. 7, pg. 9]. The Court has already addressed this argument. The magistrate judge screened the present complaint pursuant to § 1915. Therefore, unlike Sullivan's previous lawsuit in which he paid the filing fee, service of process on the Defendants is not necessary for the Court to reach the merits of the present case because Sullivan has elected to pursue this case without prepayment of costs. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Next, Sullivan objects to the magistrate judge finding the statute of limitations applied to bar his *Bivens* claims. Pursuant to Tenn. Code Ann. § 28-3-104(a), a one-year statute of limitations period is applicable to *Bivens* actions brought in Tennessee. The incident giving rise to Sullivan's *Bivens* claim occurred on July 24, 2012. "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Mason v. Dep't of Justice*, 39 F. App'x 205, 207 (6th Cir. 2002). Sullivan initially filed this claim on August 22, 2016—more than one year after the accrual of any cause of action he would have against the federal agents. *Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 [Doc. 1].

Sullivan next objects to the magistrate judge's analysis concerning his *Westfall* claim, arguing qualified immunity does not apply to shield the USFS officers from liability [Doc. 7, pg. 12]. Without any substantive analysis, he attempts to argue the agents' actions were not personal discretionary actions [*Id.*]. "[T]he Court has held that Government officials are entitled to qualified immunity with respect to 'discretionary functions' performed in their official

9

capacities." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017). "To establish a § 1983 [or *Bivens*] claim against a public official in his personal capacity, a plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or 'implicitly authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate.'" *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citation omitted). "There are two general steps to a qualified immunity analysis. The court must determine whether the facts alleged show the officer's conduct violated a constitutional right and whether that right was clearly established." *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014).

In *Robertson*, the Sixth Circuit explained that "to prevail on their false arrest claims, appellants were required to prove that the officers lacked probable cause to arrest them." *Id.* at 615; *see also Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."). It further explained that "[g]overnment officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights." *Id.* (citing *Jones v. Byrnes*, 585 F.3d 971, 974 (6th Cir. 2009)). As previously noted, Sullivan has not demonstrated any unconstitutional conduct. The district court already found the state officer had probable cause to arrest him. *Sullivan v. Anderson, et al.*, No. 2:13-CV-173 [Doc. 50, pg. 12]. The federal officers clearly had a reasonable basis to stop him because of a seatbelt violation. *See, e.g.*, *United States v. Canipe*, 569 F.3d 597, 601 (6th Cir. 2009) (holding that because the officer "possessed probable cause to believe that a traffic violation occurred when he observed [the defendant] not wearing a seatbelt, [the officer's] motivation for making the stop (suspicion of unlawful possession of a

10

firearm) did not undermine [the constitutionality of the stop]"). Thus, Sullivan's *Bivens* claim necessarily fails.

Sullivan further objects to the magistrate judge's treatment of his FOIA claim [Doc. 7, pg. 13]. The Sixth Circuit has already addressed this matter, stating that "[t]he FOIA claim against the Forest Service was subject to dismissal because FOIA does not authorize an action for damages, and Sullivan sought only monetary relief." *Sullivan v. U.S. Forestry Serv., et al.*, No. 2:16-CV-273 [Doc. 41, pg. 6]. Sullivan again requests "in excess of ten million dollars" for this claim [Doc. 1, pg. 57-60]. Because Sullivan is again requesting monetary relief, there is no reason to address this claim any differently than the Sixth Circuit.

Next, Sullivan objects to the magistrate judge's analysis of his RICO claim [Doc. 7, pg. 14-17]. Sullivan states the USFS agents were a "pirate street gang swat team racketeering enterprise" [*Id.* at pg. 15]. "To state a § 1962(c) RICO claim . . . a plaintiff must plead a person's '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Hager v. ABX Air, Inc*., No. 2:07-CV-317, 2008 WL 819293, at *3 (S.D. Ohio Mar. 25, 2008) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479, 496 (1985)). Sullivan has not sufficiently pled any of these elements. He simply claims he was arrested improperly, his car was searched illegally, and he was arrested in violation of the constitution. These facts go to a specific incident. Sullivan does not attempt to plausibly allege a "pattern of racketeering activity" sufficient to satisfy § 1962. Thus, his RICO claim fails.

Finally, Sullivan objects to the magistrate judge's treatment of his negligence claim [Doc. 7, pg. 17-19]. He really does not make any coherent argument in this regard. Nevertheless, this claim is barred because Sullivan did not first raise it administratively. To the extent the claim is brought against the Defendants in their official capacities, the claim must first be brought

11

administratively against the United States under the FTCA. 28 U.S.C. §§ 2675(a) and 2679. To the extent the claim is brought against the Defendants in their individual capacities, the claim is time-barred, and the Defendants are entitled to qualified immunity [Doc. 6, pg. 6-7, 9].

### B. Sullivan's Motion to Recuse the Magistrate Judge

In addition to objecting to the Report and Recommendation, Sullivan goes one step further and asks this Court to substitute Magistrate Judge Wyrick [Doc. 8]. Sullivan alleges the Report and Recommendation was biased, as it was issued before the Defendants answered his complaint [Doc. 8, pg. 1]. As already noted, however, § 1915 provides in pertinent part: "[T]he court shall dismiss the case *at any time* if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (emphasis added). Thus, it was not improper for the Magistrate Judge to recommend that the Court dismiss Sullivan's complaint prior to a response from the Defendants. The Court finds no evidence Magistrate Judge Wyrick was in any way biased or partial in her Report and Recommendation. Therefore, Sullivan's motion is denied.

## V. CONCLUSION

After careful consideration of the record as a whole and the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation [Doc. 6] is **ADOPTED**, and this action is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for Substitution [Doc. 8] is **DENIED**. The Court certifies that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a)(3)(A).

SO ORDERED:

                                                s/ Clifton L. Corker
                                                United States District Judge